AO 440 (Rev. 12/09)  Summons in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Southern District of New York

| | |
|---|---|
| CARLOS CASTRO, | ) |
| *Plaintiff* | ) |
| | ) |
| v. | )      Civil Action No. |
| 3920 BWY REST INC. d/b/a PARRILLA LATIN | ) |
| BISTRO d/b/a PARILLA STEAKHOUSE et al. | ) |
| *Defendant* | ) |

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*   3920 BWY REST INC. d/b/a PARRILLA LATIN BISTRO
d/b/a PARILLA STEAKHOUSE 3920 Broadway, New York, NY 10032
OMAR AROCHO 3920 Broadway, New York, NY 10032
MANUEL HERNANDEZ 3920 Broadway, New York, NY 10032
JOSE HERNANDEZ Broadway, New York, NY 10032

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:   Law Offices of William Cafaro
108 West 39th Street, Suite 602
New York, NY 10018
(212) 583-7400

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

Date: _____

_____
*Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 12/09)  Summons in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

❏ I personally served the summons on the individual at *(place)* _____

_____ on *(date)* _____ ; or

❏ I left the summons at the individual's residence or usual place of abode with *(name)* _____

_____ , a person of suitable age and discretion who resides there,

on *(date)* _____ , and mailed a copy to the individual's last known address; or

❏ I served the summons on *(name of individual)* _____ , who is

designated by law to accept service of process on behalf of *(name of organization)* _____

_____ on *(date)* _____ ; or

❏ I returned the summons unexecuted because _____ ; or

❏ Other *(specify):*



My fees are $ _____ for travel and $ _____ for services, for a total of $   0.00   .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc:

JS 44C/SDNY
REV. 1/2008

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court.  This form, approved by the Judicial Conference of the United States in September 1974, is required for use of the Clerk of Court for the purpose of initiating the civil docket sheet.

| PLAINTIFFS | DEFENDANTS |
|---|---|
| CARLOS CASTRO, | 3920 BWY REST INC. d/b/a PARRILLA LATIN BISTRO d/b/a PARILLA STEAKHOUSE et al. |

| ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER) | ATTORNEYS (IF KNOWN) |
|---|---|
| Law Offices of William Cafaro<br>108 West 39th Street, Suite 602, New York, NY 10018 | |

CAUSE OF ACTION (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE)
(DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY)

29 U.S.C. §§ 201 et seq..

Has this or a similar case been previously filed in SDNY at any time? No? [✓] Yes? [ ] Judge Previously Assigned

If yes, was this case  Vol.[ ]  Invol. [ ]  Dismissed. No[ ]  Yes [ ]  If yes, give date _____ & Case No. _____

*(PLACE AN [x] IN ONE BOX ONLY)*                    NATURE OF SUIT

### ACTIONS UNDER STATUTES

**TORTS**

**CONTRACT**
- [ ] 110 INSURANCE
- [ ] 120 MARINE
- [ ] 130 MILLER ACT
- [ ] 140 NEGOTIABLE INSTRUMENT
- [ ] 150 RECOVERY OF OVERPAYMENT & ENFORCEMENT OF JUDGMENT
- [ ] 151 MEDICARE ACT
- [ ] 152 RECOVERY OF DEFAULTED STUDENT LOANS (EXCL VETERANS)
- [ ] 153 RECOVERY OF OVERPAYMENT OF VETERAN'S BENEFITS
- [ ] 160 STOCKHOLDERS SUITS
- [ ] 190 OTHER CONTRACT
- [ ] 195 CONTRACT PRODUCT LIABILITY
- [ ] 196 FRANCHISE

**PERSONAL INJURY**
- [ ] 310 AIRPLANE
- [ ] 315 AIRPLANE PRODUCT LIABILITY
- [ ] 320 ASSAULT, LIBEL & SLANDER
- [ ] 330 FEDERAL EMPLOYERS' LIABILITY
- [ ] 340 MARINE
- [ ] 345 MARINE PRODUCT LIABILITY
- [ ] 350 MOTOR VEHICLE
- [ ] 355 MOTOR VEHICLE PRODUCT LIABILITY
- [ ] 360 OTHER PERSONAL INJURY

**PERSONAL INJURY**
- [ ] 362 PERSONAL INJURY - MED MALPRACTICE
- [ ] 365 PERSONAL INJURY PRODUCT LIABILITY
- [ ] 368 ASBESTOS PERSONAL INJURY PRODUCT LIABILITY

**PERSONAL PROPERTY**
- [ ] 370 OTHER FRAUD
- [ ] 371 TRUTH IN LENDING
- [ ] 380 OTHER PERSONAL PROPERTY DAMAGE
- [ ] 385 PROPERTY DAMAGE PRODUCT LIABILITY

**FORFEITURE/PENALTY**
- [ ] 610 AGRICULTURE
- [ ] 620 OTHER FOOD & DRUG
- [ ] 625 DRUG RELATED SEIZURE OF PROPERTY 21 USC 881
- [ ] 630 LIQUOR LAWS
- [ ] 640 RR & TRUCK
- [ ] 650 AIRLINE REGS
- [ ] 660 OCCUPATIONAL SAFETY/HEALTH
- [ ] 690 OTHER

**LABOR**
- [X] 710 FAIR LABOR STANDARDS ACT
- [ ] 720 LABOR/MGMT RELATIONS
- [ ] 730 LABOR/MGMT REPORTING & DISCLOSURE ACT
- [ ] 740 RAILWAY LABOR ACT
- [ ] 790 OTHER LABOR LITIGATION
- [ ] 791 EMPL RET INC SECURITY ACT

**BANKRUPTCY**
- [ ] 422 APPEAL 28 USC 158
- [ ] 423 WITHDRAWAL 28 USC 157

**PROPERTY RIGHTS**
- [ ] 820 COPYRIGHTS
- [ ] 830 PATENT
- [ ] 840 TRADEMARK

**SOCIAL SECURITY**
- [ ] 861 HIA (1395ff)
- [ ] 862 BLACK LUNG (923)
- [ ] 863 DIWC/DIWW (405(g))
- [ ] 864 SSID TITLE XVI
- [ ] 865 RSI (405(g))

**FEDERAL TAX SUITS**
- [ ] 870 TAXES (U.S. Plaintiff or Defendant)
- [ ] 871 IRS-THIRD PARTY 26 USC 7609

**OTHER STATUTES**
- [ ] 400 STATE REAPPORTIONMENT
- [ ] 410 ANTITRUST
- [ ] 430 BANKS & BANKING
- [ ] 450 COMMERCE
- [ ] 460 DEPORTATION
- [ ] 470 RACKETEER INFLUENCED & CORRUPT ORGANIZATION ACT (RICO)
- [ ] 480 CONSUMER CREDIT
- [ ] 490 CABLE/SATELLITE TV
- [ ] 810 SELECTIVE SERVICE
- [ ] 850 SECURITIES/ COMMODITIES/ EXCHANGE
- [ ] 875 CUSTOMER CHALLENGE 12 USC 3410
- [ ] 890 OTHER STATUTORY ACTIONS
- [ ] 891 AGRICULTURAL ACTS
- [ ] 892 ECONOMIC STABILIZATION ACT
- [ ] 893 ENVIRONMENTAL MATTERS
- [ ] 894 ENERGY ALLOCATION ACT
- [ ] 895 FREEDOM OF INFORMATION ACT
- [ ] 900 APPEAL OF FEE DETERMINATION UNDER EQUAL ACCESS TO JUSTICE
- [ ] 950 CONSTITUTIONALITY OF STATE STATUTES

### ACTIONS UNDER STATUTES

**CIVIL RIGHTS**
- [ ] 441 VOTING
- [ ] 442 EMPLOYMENT
- [ ] 443 HOUSING/ ACCOMMODATIONS
- [ ] 444 WELFARE
- [ ] 445 AMERICANS WITH DISABILITIES - EMPLOYMENT
- [ ] 446 AMERICANS WITH DISABILITIES -OTHER
- [ ] 440 OTHER CIVIL RIGHTS

**PRISONER PETITIONS**
- [ ] 510 MOTIONS TO VACATE SENTENCE 20 USC 2255
- [ ] 530 HABEAS CORPUS
- [ ] 535 DEATH PENALTY
- [ ] 540 MANDAMUS & OTHER
- [ ] 550 CIVIL RIGHTS
- [ ] 555 PRISON CONDITION

**IMMIGRATION**
- [ ] 462 NATURALIZATION APPLICATION
- [ ] 463 HABEAS CORPUS- ALIEN DETAINEE
- [ ] 465 OTHER IMMIGRATION ACTIONS

**REAL PROPERTY**
- [ ] 210 LAND CONDEMNATION
- [ ] 220 FORECLOSURE
- [ ] 230 RENT LEASE & EJECTMENT
- [ ] 240 TORTS TO LAND
- [ ] 245 TORT PRODUCT LIABILITY
- [ ] 290 ALL OTHER REAL PROPERTY

*Check if demanded in complaint:*

[ ] CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DO YOU CLAIM THIS CASE IS RELATED TO A CIVIL CASE NOW PENDING IN S.D.N.Y.? IF SO, STATE:

DEMAND $_____  OTHER _____  JUDGE _____  DOCKET NUMBER_____

*Check YES only if demanded in complaint*
JURY DEMAND: [ ] YES [✓] NO

NOTE:  Please submit at the time of filing an explanation of why cases are deemed related.

*(PLACE AN  x  IN ONE BOX ONLY)*  **ORIGIN**

☑ 1 Original Proceeding  ☐ 2a. Removed from State Court  ☐ 3 Remanded from Appellate Court  ☐ 4 Reinstated or Reopened  ☐ 5 Transferred from (Specify District)  ☐ 6 Multidistrict Litigation  ☐ 7 Appeal to District Judge from Magistrate Judge Judgment

☐ 2b. Removed from State Court AND at least one party is pro se.

*(PLACE AN  x  IN ONE BOX ONLY)*  **BASIS OF JURISDICTION**  *IF DIVERSITY, INDICATE CITIZENSHIP BELOW. (28 USC 1322, 1441)*

☐ 1 U.S. PLAINTIFF  ☐ 2 U.S. DEFENDANT  ☑ 3 FEDERAL QUESTION (U.S. NOT A PARTY)  ☐ 4 DIVERSITY

CITIZENSHIP OF PRINCIPAL PARTIES (FOR DIVERSITY CASES ONLY)

(Place an [X] in one box for Plaintiff and one box for Defendant)

|  | PTF | DEF |  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|---|---|---|
| CITIZEN OF THIS STATE | [ ] 1 | [ ] 1 | CITIZEN OR SUBJECT OF A FOREIGN COUNTRY | [ ] 3 | [ ] 3 | INCORPORATED and PRINCIPAL PLACE OF BUSINESS IN ANOTHER STATE | [ ] 5 | [ ] 5 |
| CITIZEN OF ANOTHER STATE | [ ] 2 | [ ] 2 | INCORPORATED or PRINCIPAL PLACE OF BUSINESS IN THIS STATE | [ ] 4 | [ ] 4 | FOREIGN NATION | [ ] 6 | [ ] 6 |

PLAINTIFF(S) ADDRESS(ES) AND COUNTY(IES)

CARLOS CASTRO 2850 Creston Ave., Apt. 3B, Bronx, NY 10468

DEFENDANT(S) ADDRESS(ES) AND COUNTY(IES)

3920 BWY REST INC. d/b/a PARRILLA LATIN BISTRO
d/b/a PARILLA STEAKHOUSE 3920 Broadway, New York, NY 10032
OMAR AROCHO 3920 Broadway, New York, NY 10032
MANUEL HERNANDEZ 3920 Broadway, New York, NY 10032
JOSE HERNANDEZ Broadway, New York, NY 10032

DEFENDANT(S) ADDRESS UNKNOWN
    REPRESENTATION IS HEREBY MADE THAT, AT THIS TIME, I HAVE BEEN UNABLE, WITH REASONABLE DILIGENCE, TO ASCERTAIN THE RESIDENCE ADDRESSES OF THE FOLLOWING DEFENDANTS:

Check one:   THIS ACTION SHOULD BE ASSIGNED TO:   ☐ WHITE PLAINS   ☑ MANHATTAN
                (DO NOT check either box if this a PRISONER PETITION.)

DATE **12/10/14**   SIGNATURE OF ATTORNEY OF RECORD   ADMITTED TO PRACTICE IN THIS DISTRICT
RECEIPT #                                              [ ] NO
                                                       [x] YES (DATE ADMITTED  Mo. **8**   Yr. **2013** )
                                                       Attorney Bar Code # AC0822

Magistrate Judge is to be designated by the Clerk of the Court.

Magistrate Judge _____ is so Designated.

J. Michael McMahon, Clerk of Court by _____ Deputy Clerk, DATED _____.

UNITED STATES DISTRICT COURT (NEW YORK SOUTHERN)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
CARLOS CASTRO,                                            Case No.

                                Plaintiff,

            -vs.-
                                                          **COMPLAINT**

3920 BWY REST INC. d/b/a PARRILLA LATIN
BISTRO d/b/a PARILLA STEAKHOUSE, OMAR
AROCHO, MANUEL HERNANDEZ and JOSE
HERNANDEZ,

                                Defendants.
------------------------------------------------------------------X

        Plaintiff, CARLOS CASTRO, by and through his attorneys, the LAW OFFICES OF

WILLIAM CAFARO, complaining of the Defendants, hereby allege as follows:


                            ***THE PARTIES***


        1.      Plaintiff CARLOS CASTRO, (hereinafter "Castro") is an individual residing

in the Bronx, New York.


        2.      Upon information and belief, Defendant 3920 BWY REST INC. d/b/a

PARRILLA LATIN BISTRO d/b/a PARILLA STEAKHOUSE, (hereinafter "Parilla Latin

Bistro") was and is a domestic corporation whose principal place of business is located at

3920 Broadway, New York, NY 10032.


        3.      Upon information and belief, Defendant OMAR AROCHO (hereinafter

"Omar") is an individual, whose actual place of business is located at 3920 Broadway, New

York, NY 10032.

4.      Upon information and belief, at all times herein pertinent, Defendant Omar, served as a principal, officer and/or manager of Defendants Parilla Latin Bistro.

5.      Upon   information   and   belief   Defendant   MANUEL   HERNANDEZ (hereinafter "Manuel") is an individual, whose actual place of business is located at 3920 Broadway, New York, NY 10032.

6.      Upon information and belief, at all times herein pertinent, Defendant Manuel, served as a principal, officer and/or manager of Defendants Parilla Latin Bistro.

7.      Upon information and belief Defendant JOSE HERNANDEZ (hereinafter "Jose") is an individual, whose actual place of business is located at 3920 Broadway, New York, NY 10032.

8.      Upon information and belief, at all times herein pertinent, Defendant Jose, served as a principal, officer and/or manager of Defendants Parilla Latin Bistro.

9.      Upon information and belief, for the calendar year 2014 the gross receipts of Parilla Latin Bistro were not less than $500,000.00.

## *JURISDICTION AND VENUE*

10.     Jurisdiction is based upon 28 U.S.C. § 1331, insofar as it involves a statute of the United States, specifically, the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et seq.*, and Plaintiff relies upon 28 U.S.C. § 1367 to invoke supplemental jurisdiction with respect to the state law claims which form another basis for recovery upon the same factual nexus, specifically Articles 6 & 19 of the Labor Law and 12 NYCRR § 142-2.2 and 12 NYCRR § 142-2.4.

11.     Venue is based upon 28 U.S.C. § 1391(b)(1), insofar as at least one of the Defendants resides within this Judicial District, and (b)(2), insofar as a substantial part of the events giving rise to the within causes of action occurred in this Judicial District.

## *FACTUAL ALLEGATIONS*

12.     At all times herein pertinent, the Defendants, and each of them, were engaged in an industry having an affect on commerce within the meaning of 29 U.S.C. § 203.

13.     At all times herein pertinent, and in the course of his duties, Plaintiff regularly handled products which had been moved in commerce.

14.     Plaintiff's primary duties did not include the exercise of discretion and independent judgment with respect to any matters of significance.

3

15.     Parilla Latin Bistro operates as a restaurant and lounge.

16.     Plaintiff was employed by the Defendants from on or about April 1, 2014 until on or about November 8, 2014.

17.     Plaintiff was assigned various duties including but not limited to dishwashing, cleaning tables, cleaning bathrooms, sweeping floors, assisting waiters, assisting bartenders, stocking the bar, and preparing and distributing hookahs to patrons.

18.     Plaintiff schedule consisted of working 6-7 days per week from approximately 7:00 PM until on or about approximately 5:00 AM and sometimes until 6:00 AM.

19.     Plaintiff was compensated $50.00 per work day.

20.     Plaintiff regularly worked for the Defendants in excess of forty (40) hours a week but never received any overtime premium of one and one half times his regular rate of pay for those hours.

21.     Plaintiff was not compensated the statutory minimum wage for the hours he worked for the Defendants.

22.     Plaintiff was not compensated an additional hour's pay at the prevailing State minimum wage for his spread of hours.

4

23.     The Defendants Omar, Manuel and Jose had the power to hire employees, and hired Plaintiff on or about April 1, 2014.

24.     The Defendants Omar, Manuel and Jose controlled the terms of Plaintiff's employment in that they would tell the Plaintiff what tasks to complete and on what time frame they needed to be completed.

25.     Upon information and belief, the Defendants Omar, Manuel and Jose controlled the work schedule of all of the employees of Parilla Latin Bistro, including the Plaintiff's work schedule.

26.     Upon information and belief, the Defendants Omar, Manuel and Jose controlled the rates and methods of payment of each of the employees of Parilla Latin Bistro, including the Plaintiff's pay rate and methods of pay.

27.     At all times herein pertinent, the Plaintiff performed his duties for Defendants Parilla Latin Bistro, at the direction and under the control of Defendants Omar, Manuel and Jose.

28.     Upon information and belief, and at all times herein pertinent, Defendants Omar, Manuel and Jose exercised close control over the managerial operations of Parilla Latin Bistro, including the policies and practices concerning employees.

29.     At all times herein pertinent, Defendants Omar, Manuel and Jose controlled the terms and conditions of employment, supervised employees, made decisions as to hiring and firing and as to wages with respect to the employees of Parilla Latin Bistro in general, and with respect to the Plaintiff in particular.

30.     At all times herein pertinent, Defendants Omar, Manuel and Jose acted as Plaintiff's employer within the meaning of the FLSA and the New York State Labor Law.

31.     The Defendants did not create or maintain records showing the precise number of hours Plaintiff worked or of wages earned.

32.     Plaintiff alternatively alleges that Defendants created records showing the number of hours Plaintiff worked or of wages earned but upon information and belief, has not maintained them as required by law.

### AS AND FOR A FIRST CAUSE OF ACTION
### FEDERAL FAIR LABOR STANDARDS ACT
### AGAINST THE DEFENDANTS, AND EACH OF THEM
### (MINIMUM WAGE)

33.     Plaintiff hereby incorporates all the preceding paragraphs of this complaint with the same force and effect as if fully set forth at length.

6

34.    All of the foregoing constituted willful and repeated violations of the Fair Labor Standards Act, so the applicable statute of limitations is three years pursuant to 29 U.S.C. § 255(a).

35.    The Defendants herein knowingly and willfully violated 29 U.S.C. § 206 by failing to pay Plaintiff the applicable minimum wage.

### AS AND FOR A SECOND CAUSE OF ACTION
### FEDERAL FAIR LABOR STANDARDS ACT
### AGAINST THE DEFENDANTS, AND EACH OF THEM
### (OVERTIME)

36.    The Plaintiff hereby incorporates all preceding paragraphs of this complaint with the same force and effect as if fully set forth at length.

37.    All of the foregoing constituted willful and repeated violations of the Fair Labor Standards Act, so the applicable statute of limitations is three years pursuant to 29 U.S.C. § 255(a).

38.    The Defendants herein knowingly and willfully violated 29 U.S.C. § 207 by failing to pay Plaintiff overtime pay at the premium rate of one and one half times Plaintiff's regular rate of pay.

### AS AND FOR A THIRD CAUSE OF ACTION
### STATE MINIMUM WAGE ACT
### AGAINST THE DEFENDANTS, AND EACH OF THEM
### (MINIMUM WAGE)

39.     The Plaintiff hereby incorporates all preceding paragraphs of this complaint with the same force and effect as if fully set forth at length.

40.     The Defendants herein willfully and in bad faith violated Article § 650 by failing to pay Plaintiff the applicable minimum wage.

### AS AND FOR A FORTH CAUSE OF ACTION
### STATE WAGE AND HOUR LAW
### AGAINST THE DEFENDANTS, AND EACH OF THEM
### (OVERTIME)

41.     The Plaintiff hereby incorporates all preceding paragraphs of this complaint with the same force and effect as if fully set forth at length.

42.     The Defendants herein knowingly and in bad faith violated  Articles 6 & 19 of the New York State Labor Law and 12 NYCRR §142-2.2 by failing to pay Plaintiff overtime pay at the premium rate of one and one half times Plaintiffs regular rate of pay.

## *AS AND FOR A FIFTH CAUSE OF ACTION*
## *NEW YORK STATE LABOR LAW*
## *AGAINST THE DEFENDANTS, AND EACH OF THEM*
## *(SPREAD-OF-HOURS & SPLIT-SHIFT PAY)*

43.     The Plaintiff hereby incorporates all preceding paragraphs of this complaint with the same force and effect as if fully set forth at length.

44.     The Defendants herein knowingly, willfully and in bad faith violated Articles 6 & 19 of NYLL, and more particularly 12 NYCRR § 142-2.4, by failing to pay Plaintiff, one additional hour of pay at the prevailing minimum wage for each day during which there was a split shift and/or the spread of hours exceeded 10 hours.

## *AS AND FOR A SIXTH CAUSE OF ACTION*
## *SUBSTANTIVE STATE CONTRACT LAW*

45.     The Plaintiff hereby incorporates all preceding paragraphs of this complaint with the same force and effect as if fully set forth at length.

46.     Pursuant to the substantive contract law of the State of New York, as well as the provisions of the FLSA, the NYLL, and all underlying federal and state regulations promulgated thereunder there existed an agreement between the Plaintiff and the Defendants wherein the Plaintiff was to be paid the New York State minimum wage as well as one and one half times his regular rate of pay for all work performed over forty hours in a single work week.

9

47.     The Defendants failed to pay the Plaintiff the hourly wages to which he was entitled pursuant to the wage provisions in the aforesaid contracts.

48.     The Defendants violated the agreement, causing Plaintiff damage.

49.     Due to Defendants violation of the agreement, the Plaintiff is entitled to recover from Defendants his unpaid overtime compensation.

### AS AND FOR A SEVENTH CAUSE OF ACTION
### NEW YORK STATE LABOR LAW
### AGAINST THE DEFENDANTS, AND EACH OF THEM
### (RECORD KEEPING VIOLATIONS)

50.     The Plaintiff hereby incorporates all preceding paragraphs of this complaint with the same force and effect as if fully set forth at length.

51.     Defendants failed to make, keep, and preserve accurate records with respect to the plaintiff, including hours worked each workday, total hours worked each workweek, or of wages earned, as required by Article 19, §§ 650 *et seq.,* and supporting regulations, including 12 NYCRR § 146-2.1.

**WHEREFORE,** Plaintiff prays for judgment as against the Defendants, and each of them, as follows:

(a)     awarding back pay for minimum wages due and owing to the Plaintiff;

(b)     awarding back pay for overtime pay due and owing to the Plaintiff;

10

(c)    awarding back pay for spread-of-hours & split-shift pay due and owing to the Plaintiff;

(d)    Declaring that Defendants violated the provisions of the NYLL relating to notice and record keeping requirements regarding employees, and awarding Plaintiff statutory damages and any other relief authorized under the NYLL for violations of those requirements;

(e)    awarding liquidated damages pursuant to 29 U.S.C. § 216(b) and/or New York State's Labor Law, Articles 6 & 19, §§ 198(1-a), 663(1);

(f)    awarding the costs and disbursements of this action, along with reasonable attorney's fees pursuant to 29 U.S.C. § 216(b) and/or New York State's Labor Law, Articles 6 & 19, §§ 198(1-a), 663(1);

(g)    awarding any other relief this Court deems just, proper and equitable.


Dated:  New York, New York
        December 10, 2014


                                    Respectfully submitted,
                                    LAW OFFICES OF WILLIAM CAFARO


                                    Amit Kumar (AC0822)
                                    Attorneys for Plaintiff
                                    108 West 39th Street, Suite 602
                                    New York, New York 10018
                                    (212) 583-7400
                                    AKumar@Cafaroesq.com
                                    Law Firm File No.: 52801


11

To:

3920 BWY REST INC. d/b/a PARRILLA LATIN BISTRO
d/b/a PARILLA STEAKHOUSE
3920 Broadway
New York, NY 10032

OMAR AROCHO
3920 Broadway
New York, NY 10032

MANUEL HERNANDEZ
3920 Broadway
New York, NY 10032

JOSE HERNANDEZ Broadway
New York, NY 10032

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
CARLOS CASTRO,                                          Case No.

                              Plaintiff,

           -vs.-

3920 BWY REST INC. d/b/a PARRILLA LATIN
BISTRO d/b/a PARILLA STEAKHOUSE, OMAR
AROCHO, MANUEL HERNANDEZ and JOSE
HERNANDEZ,

                           Defendants.
-----------------------------------------------------------------X

**COMPLAINT**

LAW OFFICES OF WILLIAM CAFARO
Attorneys for Plaintiff
108 West 39th Street, Suite 602
New York, New York 10018
(212) 583-7400
File No. 52801

13

**LAW OFFICE OF WILLIAM CAFARO**
WILLIAM CAFARO
19 WEST 44TH STREET, STE. 1500
NEW YORK, NY 10036
(212) 583-7400
CLIENT DISBURSEMENT ACCOUNT

CHASE ◯
JPMorgan Chase Bank, N.A.
www.Chase.com
1-2-210

5627

12/4/2014

PAY TO THE
ORDER OF   Clerk of the District Court

$ **400.00

Four Hundred and 00/100******************************************************************************   DOLLARS

MEMO
Parilla Latin Bistro File No. 52801

AUTHORIZED SIGNATURE

⑈005627⑈ ⑆021000021⑈   406443346⑈

---

**LAW OFFICE OF WILLIAM CAFARO • CLIENT DISBURSEMENT**   5627

Clerk of the District Court

Filing Fee Parilla Latin Bistro File 52801   12/4/2014   400.00

Client Disbursement   Parilla Latin Bistro File No. 52801   400.00

**LAW OFFICE OF WILLIAM CAFARO • CLIENT DISBURSEMENT**   5627

Clerk of the District Court

Filing Fee Parilla Latin Bistro File 52801   12/4/2014   400.00

Client Disbursement   Parilla Latin Bistro File No. 52801   400.00

PRODUCT SSLT104   USE WITH 91663 ENVELOPE

384  C8DBE1  STXRX9  04/28/2014 15:13