UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------x
                                                   :

CARLOS CASTRO, et al.,
                                                   :

                Plaintiffs,                        ORDER
                                                   :
        -v.-
                                                   :         14 Civ. 9788 (LTS) (GWG)

3920 BWY REST INC., et al.,                :

                Defendants.                :
---------------------------------------------------------------x
GABRIEL W. GORENSTEIN, United States Magistrate Judge

      The Court has reviewed the defendants' motion for reconsideration of the Court's sanctions orders reflected in Docket ## 74 and 76. See Docket ## 78, 79, 80, 81. The standard for such a motion is well-established. See, e.g., Berg v. Kelly, 343 F. Supp. 3d 419, 423-24 (S.D.N.Y. 2018). Here, facts have come to light that undermine the factual premises underlying the Court's sanctions orders.

      The Court's sanctions orders were premised on the assumption that defendants had not complied with Docket # 71 by serving appropriately verified interrogatory answers by October 25, 2019. The evidence now presented to the Court, however, shows that defendants' counsel complied with the deadline in Docket # 71 in that he served the proper interrogatory responses by mail on October 23, 2019, which was before the October 25, 2019 deadline in Docket # 71.[1] Fed. R. Civ. P. 5(b)(2)(C) states that service of papers in a civil action is complete upon mailing. Thus, defendants were in fact in compliance with Docket # 71 and cannot be sanctioned for failing to comply with that Order.

      The question thus becomes whether sanctions could appropriately issue based simply on defendants' failure to oppose the sanctions application. Certainly, defendant's counsel's failure to respond wasted a great deal of the time of the Court and plaintiffs' counsel. Assuming arguendo that the Court could base sanctions on such conduct, the problem here is that the Court credits counsel's assertion that he did not actually receive any ECF notices during the relevant period (even if he should have figured this out previously), and thus did not have any notice that sanctions were being sought. While counsel had an obligation to monitor the docket, see SDNY ECF Rule # 9 ("It remains the duty of the attorney for a party to review regularly the docket sheet of the case"), events happened rather quickly in this case. The time between the first application for sanctions (Docket # 72) and its granting (Docket # 74) was only three days. Additionally, the Court notes also that the Federal Rules of Civil Procedure essentially direct that service of a motion — such as the plaintiffs' sanctions motion here – through ECF is

---

      [1] The Court has no reason to doubt counsel's representation as to the date of mailing.

ineffective where a party is ultimately informed that the adverse party did not in fact receive the ECF notification.  See Fed. R. Civ. P. 5(b)(2)(E) (electronic service is "not effective if the filer . . . learns that it did not reach the person to be served.").  While plaintiffs did not "learn" that their applications for sanctions did not reach defendants' counsel until after the Court granted the sanctions motion, the Court deems them to have "learn[ed]" once defendants' counsel informed them that he was not getting ECF notifications.

In light of these circumstances, the motion for reconsideration (Docket # 78) is granted.  The Court vacates its prior orders of sanction (Docket ## 74, 76).  Plaintiffs' counsel shall return the money that was paid by defendants' counsel pursuant to those orders on or before December 12, 2019.  Plaintiffs' counsel shall contact defendant's counsel to work out the manner of transmitting these funds.

SO ORDERED.

Dated: December 5, 2019
       New York, New York

GABRIEL W. GORENSTEIN
United States Magistrate Judge