UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
CARLOS CASTRO, ANTONIO GONZALEZ,            (PMH)
MAOLI HIERRO, and HERMES GONZALEZ,   Case No. ~~1:~~14-cv-09788 ~~(LTS)~~

          Plaintiffs

    vs.

3920 BWY REST INC. d/b/a PARRILLA LATIN
BISTRO d/b/a PARILLA STEAKHOUSE, PARRILLA
GRILL REST. INC. d/b/a 137 BAR AND GRILL,
OMAR AROCHO, MANUEL HERNANDEZ
JOSE HERNANDEZ and GINO HERNANDEZ,

          Defendants.
-------------------------------------------------------------------X

## ~~PROPOSED~~ JOINT PRE-TRIAL ORDER

    The parties having conferred among themselves and with the Court pursuant to Federal Rule of Civil Procedure 16, the following statements, directions, and agreements are adopted as the Pretrial Order herein.

### I.    CLAIMS AND DEFENSES

<u>Plaintiffs' Statement</u>

    This is an action for money damages brought by Carlos Castro ("Castro"), Antonio Gonzalez ("Antonio"), Maoli Hierro ("Hierro"), and Hermes Gonzalez ("Hermes") (collectively, Castro, Antonio, Hierro, and Hermes are "Plaintiffs"). Plaintiffs bring this suit alleging minimum wage and overtime violations of the FLSA and NYLL, as well as minimum wage, overtime, spread of hours, improper wage deduction/tip misappropriation, under the NYLL and the wage orders of the New York Commission of Labor codified in the New York Codes, Rules and Regulations ("NYCRR") specifically, 12 NYCRR §146, *et seq*. Plaintiffs further bring this suit for statutory violations of the NYLL. Plaintiffs assert the following claims, all of which remain to be tried:

    **a.**    **Violation of the Minimum Wage Provisions of the FLSA.** Plaintiffs allege that Defendants were their employers and willfully failed to pay them the required minimum wage under the law. 29 U.S.C. §§ 206, 216, 255.

    **b.**    **Violation of the Minimum Wage Provisions of the NYLL.** Plaintiffs allege that Defendants were their employers and willfully failed to pay them the required minimum wage under the law. NYLL §§ 652 (1), 663; 12 NYCRR §146-1.2.

      **c.**      **Violation of the Overtime Wage Provisions of the FLSA.** Plaintiffs allege that Defendants were their employers and willfully failed to pay their overtime at 1.5 times their regular rate hour hours above 40 worked in a week. 29 U.S.C. §§ 207, 216, 255.

      **d.**      **Violation of the Overtime Wage Provisions of the NYLL.** Plaintiffs allege that Defendants were their employers and willfully failed to pay them overtime at 1.5 times their regular rate for hours above 40 worked in a week. 12 NYCRR §146-1.4.

      **e.**      **Violation of the Spread of Hours Provisions of the NYLL.** Plaintiffs allege that Defendants were their employers and willfully failed to pay them an additional hour's pay for each day that the interval between the beginning and end of their workdays were more than ten hours. 12 NYCRR § 146-1.6.

      **f.**      **Tip Misappropriation/Wage Deductions under the NYLL.** Plaintiffs allege defendants misappropriated tips and/or illegally deducted sums from their wages in violation of NYLL §§ 193, 196-d, and/or 12 NYCRR §137-2.5 and/or other appropriate statutes, rules, and regulations.

      **g.**      **Violation of the Notice and Recordkeeping Provisions of the NYLL.** Plaintiffs allege that Defendants were their employers and failed to provide them with a written notice, in English and Spanish (Plaintiff's primary language), of their rate of pay and other information as required by the NYLL § 195(1).

      **h.**      **Violation of the Wage Statement Provisions of the NYLL.** Plaintiffs allege that Defendants were their employers and failed to provide them with wage statements together with each payment of wages, as required by NYLL §195(3).

**Defendants' Statement**

Defendants submit that Plaintiffs must be put to their proofs on each and every one of their claims.

In the event of any finding of non-payment, or any finding of under-payment of wages and overtime on their part, Defendants deny any willfulness in that regard.

Defendants maintain that Plaintiffs' private causes of action should be dismissed as against Jose Hernandez and Gino Hernandez, as neither individual qualifies as an employer under either the FLSA, or NYLL regimes.

## II. MATERIAL FACTS NOT IN DISPUTE

Not Applicable

## III. TRIAL WITNESSES

<u>Plaintiffs' Statement</u>

      a.    Plaintiff Castro will be called to testify at trial. Mr. Castro will testify, pursuant to his best recollections, to his employment with the Defendants. This testimony will include his job responsibilities, the hours he worked, the pay he received, the Defendants' policies regarding same, as well as the documentation he received during this employment. Mr. Castro will further testify to the employer-employee relationship between himself and Defendants.

      b.    Plaintiff Antonio will be called to testify at trial. This witness will testify, pursuant to his best recollections, to his employment with the Defendants. This testimony will include his job responsibilities, the hours he worked, the pay he received, the Defendants' policies regarding same, as well as the documentation he received during this employment. Plaintiff Antonio will further testify to the employer-employee relationship between himself and Defendants.

      c.    Plaintiff Hierro will be called to testify at trial. This will testify, pursuant to her best recollections, to her employment with the Defendants. This testimony will include her job responsibilities, the hours she worked, the pay she received, the Defendants' policies regarding same, as well as the documentation she received during this employment. Plaintiff Hierro will further testify to the employer-employee relationship between herself and Defendants.

      d.    Plaintiff Hermes will be called to testify at trial. This witness will testify, pursuant to his best recollections, to his employment with the Defendants. This testimony will include his job responsibilities, the hours he worked, the pay he received, the Defendants' policies regarding same, as well as the documentation he received during this employment. Plaintiff Hermes will further testify to the employer-employee relationship between himself and Defendants.

Plaintiffs respectfully reserve the right to call any witness who appears on Defendants' witness list. Plaintiffs also respectfully reserve the right to call additional witnesses, if necessary, for impeachment and rebuttal purposes.

<u>Defendants' Statement</u>

      a.    Defendant Manuel Hernandez will be called to testify at trial as the sole shareholder and operator of the former restaurant business of 3920 Bwy Rest Inc. ("Parilla Latin Bistro"). Manuel Hernandez will testify, pursuant to his best recollections, to his role at the 3920 Bwy Rest Inc. d/b/a Parrilla Latin Bistro, as well as the company's wage and hour practices.

## IV. EXHIBITS

Plaintiffs' Exhibits

| Exhibit Designation | Description | Objections | Status |
|---|---|---|---|
| 1 | Schedules dated Aug 31, 2014; October 13-19, 2014; and October 27-Nov 2, 2014 | | |

Plaintiff respectfully reserves the right to use any of the Defendants' exhibits at trial.

Defendants' Exhibits

| Exhibit Designation | Description | Objections | Status |
|---|---|---|---|
| | | | |
| | | | |

Defendants respectfully reserve the right to use any of the Plaintiffs' exhibits at trial.

## V. DEPOSITION TRANSCRIPTS

Not Applicable

## VI. STIPULATIONS

Not Applicable

## VII. JURY OR BENCH TRIAL

This case is to be tried without a jury.

## VIII. CONSENT TO TRIAL BEFORE A MAGISTRATE

All parties have **not** consented to trial by a Magistrate.

## IX. TRIAL DAYS

The Parties have conferred and believe two (2) trial days will be necessary.

\* The parties' pre-trial materials pursuant to Rule 6 of my Individual Practices are due 10/13/2020. The parties may amend Section IV of this Pre-Trial Order by 10/13/2020. Trial is scheduled to begin on 10/27/2020 at 10:00 a.m., marked peremptorily barring good cause shown.

**SO ORDERED**

Dated:   New York, New York
        September 24, 2020

_____
Philip M. Halpern
United States District Judge